IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT ROOP, et al., ) | CASE NO. 4:10 CV 2769 |
| ) | |
| Plaintiff, ) | JUDGE DAVID D. DOWD, JR. |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| WALMART CORPORATION, ) | AND ORDER |
| ) | |
| Defendant. ) | |

Plaintiffs *pro se* Robert Roop, Gerald E. Uhl and Richard Singleton filed this *in forma pauperis* action under 21 U.S.C. §§ 830 and 844a. Further, Plaintiffs are all residents of Ohio, and assert that Defendant Walmart Corporation ("Walmart") has its principal place of business in Bentonville, Arkansas, thereby invoking this Court's diversity of citizenship jurisdiction, under 28 U.S.C. § 1332.[1]

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] For the purposes of diversity jurisdiction, the Court will assume that Walmart Corporation is not incorporated in Ohio.

Plaintiffs allege that Walmart failed in its duty to prevent methamphetamine trafficking. As a result, the State of Ohio has had an increase in methamphetamine production in Summit County and other communities. Walmart allegedly knew that it was violating federal law when it sold the various items and chemicals needed to manufacture this drug. Because Walmart is allegedly ignoring federal law, Plaintiffs claim it is destroying society at an alarming rate. Plaintiffs request $20,000,000.00 in damages and an order enjoining Walmart from continuing this conduct.

In general, a criminal statute does not provide a private cause of action. *Banks-Bey v. Acxiom*, 2010 WL 395221 * 3 (N.D. Ohio, Jan 27, 2010). Only a grand jury can indict a criminal defendant. *Zukowski v. Bank of America*, 2009 WL 2132620 * 2 (S.D. Ohio, Jul. 7, 2009). *See Williams v. Angel*, 2010 WL 3070175 * 3 (E.D.Mich., Aug, 4, 2010) (plaintiff has no standing to commence a criminal action in federal court); *Defluiter v. Ohio*, 2009 WL 773923* 1 (S.D.Ohio, Mar. 19, 2009) (same). In determining whether an implied private right of action under a certain federal law exists, the Court must consider whether Congress, expressly or by implication, intended to create a private right of action. *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15-16 (1979) (Scalia, J., concurring).

Title 21 U.S.C. § 830 regulates certain chemicals and machines, while § 844a provides a civil penalty for possession of small amounts of certain controlled substances. These statutes do not create a private federal right, there is no indication that Congress intended to provide one, nor has one been implied.

Plaintiffs, inmates at the Northeast Ohio Correctional Center, apparently are attempting to protect society. In order to bring a lawsuit, a plaintiff must have standing. *Allen v. Wright,* 468 U.S. 737, 750 (1984). Standing exists when a plaintiff alleges: 1) personal injury; 2) fairly traceable to

the defendant's allegedly unlawful conduct; and 3) likely to be redressed by the requested relief. *Id.* at 751. The Complaint contains no allegations of personal injury to Plaintiffs that is likely to be redressed by this action. Any claim that Plaintiffs are incarcerated because they were able to buy materials at Walmart to manufacture methamphetamine is without merit.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**


| February 22, 2011 | s/David D. Dowd,Jr. |
|---|---|
| Date | JUDGE DAVID D. DOWD, JR. |
| | UNITED STATES DISTRICT JUDGE |